F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**DEC 28 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MAULANA MODIBO EUSI,

Petitioner-Appellant,

v.

ROBERT A. HOOD, Warden, United
States Penitentiary,

Respondent-Appellee.

No. 04-1046
(D.C. No. 00-S-1736 (BNB))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **HARTZ** , and **BALDOCK** , Circuit Judges, and **BRIMMER** ,** District
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** The Honorable Clarence A. Brimmer, District Judge, United States District
Court for the District of Wyoming, sitting by designation.

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Petitioner Maulana Modibo Eusi, a federal prisoner proceeding pro se, appeals the order dismissing his petition filed under 28 U.S.C. § 2241, seeking expungement of a disciplinary conviction for "attempted killing" and possession of a weapon.  He contends that the conviction was obtained in violation of his constitutional rights and prison policies, and therefore it was used improperly to place him in disciplinary confinement and to deny him parole.  A federal magistrate judge recommended dismissal, and the district court adopted the recommendation.  The court also denied Mr. Eusi's two motions to reconsider.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

*Timely Notice of Appeal*

As a preliminary matter, we hold that Mr. Eusi's notice of appeal was timely, even though it was filed more than sixty days after the order of dismissal.  *See* Fed. R. App. P. 4(a)(1)(B) (notice of appeal may be filed within 60 days after judgment when federal officer or agency is a party).  The district court did not enter a separate judgment under Fed. R. Civ. P. 58, so the time to appeal did not begin to run and Mr. Eusi's motion to reconsider tolled the time to appeal.  *See Hilst v. Bowen* , 874 F.2d 725, 726 (10th Cir. 1989) (motion to reconsider filed before judgment is a tolling motion).  Mr. Eusi's notice of appeal, filed

-2-

February 9, 2003, was filed within 60 days of the January 16, 2003, order denying reconsideration.  Therefore, the notice of appeal was timely.  *See id.* ; Fed. R. App. P. 4(a)(4)(A)(iv).

*Background*

On January 3, 1997, a correctional officer at the Bureau of Prisons (BOP) was attacked by an inmate he identified as Mr. Eusi.  According to a Disciplinary Hearing Officer (DHO), Mr. Eusi struck the officer with his fists and the officer's flashlight, causing severe injuries to the officer.  The Federal Bureau of Investigation conducted an investigation and ultimately decided not to file charges against Mr. Eusi, at which time he was made available for prison disciplinary proceedings.  Following the incident, including the time during the FBI's investigation, Mr. Eusi was held in administrative detention.  Prison disciplinary proceedings were filed against Mr. Eusi on June 25, 1998, and a hearing before a DHO was held on September 10, 1998.  At the conclusion of the hearing, the DHO found Mr. Eusi guilty of attempted killing and possession of a weapon (the officer's flashlight).  Mr. Eusi's administrative appeals were denied. Mr. Eusi received 120 days of disciplinary segregation plus seventy-two months' placement in the control unit, and various privileges were withdrawn.  In addition, he was denied parole in Illinois, where he had sustained the convictions underlying his incarceration.

After the district court denied relief, Mr. Eusi filed this appeal. He continues to argue that he was convicted on a "signed confession" that does not exist. He also renews his claims that he was denied his due process rights in the disciplinary proceedings because he was not informed of the evidence against him in advance of the hearing, and was thereby prevented from marshaling a defense to the charges. He further maintains that BOP personnel failed to conduct an adequate investigation of the incident, withheld exculpatory evidence, and conspired to manufacture false evidence against him. Finally, he contends that the BOP failed to follow prison rules regarding deadlines for filing the administrative charges against him.

*Discussion*

Because he is a federal prisoner, Mr. Eusi is not required to obtain a certificate of appealability for review of the order denying his § 2241 petition. *Bledsoe v. United States*, 384 F.3d 1232, 1235 (10th Cir. 2004). We review de novo the district court's decision to deny a writ under § 2241. *Id.*

We have carefully reviewed the record on appeal and the parties' briefs. Applying the standard set out above, we affirm the district court's order denying a writ under § 2241 for the same reasons stated in the magistrate judge's February 10, 2003, recommendation, the district court's October 29, 2003, order

-4-

denying relief, and the district court's two orders denying reconsideration, entered January 16, 2004, and March 2, 2004.

*Conclusion*

Mr. Eusi has renewed in this court his motion to proceed without prepayment of costs and fees. The motion is GRANTED. Mr. Eusi is reminded that he is obligated to continue making partial payments until the entire fee has been paid.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Harris L Hartz
Circuit Judge

-5-